**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **DAVID SCHER,** | |
|        **Plaintiff,** | |
| | |
| **v.** | **Civil Action No. No. 1:24-cv-00407-SE-JA** |
| | |
| **SUFFOLK UNIVERSITY AND SUFFOLK** | |
| **UNIVERSITY LAW SCHOOL,** | |
| | |
|        **Defendants.** | |

**DEFENDANT SUFFOLK UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**FOR LACK OF PERSONAL JURISDICTION**

**I.**      **Introduction**

In this action, Plaintiff, David Scher, ("Plaintiff") has filed a Complaint setting forth six (6) counts against Defendant Suffolk University ("Suffolk") (incorrectly named in the Complaint as both "Suffolk University" and "Suffolk University Law School"). The gravamen of the underlying Complaint is that Plaintiff seeks to enforce a purported contract in New Hampshire with Suffolk, a Massachusetts entity with a principal place of business in Massachusetts, whereby Plaintiff contends that Suffolk breached its express and implied contract with Plaintiff by refusing to award him with a degree upon the purported successful completion of the academic requirements necessary to graduate from Suffolk University Law School ("SULS") in 2013.

Suffolk respectfully moves to dismiss Plaintiff's Complaint for lack of Personal Jurisdiction as Suffolk is located in Massachusetts and all of the actions and events giving rise to Plaintiff's claims relate to incidents and transactions that allegedly occurred in Massachusetts and Plaintiff's sole – and invalid -- basis for jurisdiction over Suffolk is that Suffolk is registered

as a foreign corporation in New Hampshire.

Therefore, the Complaint should be dismissed in its entirety with prejudice.

## II.    **The Relevant Facts**

In his six-count Complaint[1], Plaintiff, a former student who attended SULS, alleges that Suffolk, a non-profit educational institution located in Boston, Massachusetts, breached its express and implied contract with Plaintiff and that Suffolk was unjustly enriched when it did not award Plaintiff with his Juris Doctorate degree from SULS in May of 2013.  Plaintiff's Complaint ("Compl.") ¶9.

Plaintiff alleges that he was accepted into SULS's Juris Doctorate Degree Program on or about June 30, 2010 and that he accepted SULS's offer to enroll at SULS. *Id*. at ¶¶9-10.  Plaintiff enrolled in and began attending classes at SULS, in Boston, Massachusetts in August of 2010. *Id.* at ¶¶6, 11-12.  Plaintiff remained enrolled at SULS from August 2010 to May of 2013 and SULS allegedly received $283,518 in tuition payments on Plaintiff's behalf during that time. *Id.* at ¶12.  Plaintiff alleges that the SULS student handbook created an enforceable contract between himself and Suffolk. *Id*. at ¶13-15.

In March of 2013, Plaintiff was issued a disciplinary complaint from SULS for student misconduct relating to Plaintiff and another student's laptop and he was also issued a criminal complaint filed by the Suffolk University Police Department ("SUPD"). *Id*. at ¶¶18-19.[2]  On April 29, 2013, Dean Laura Ferrari of SULS (the "Dean"), informed Plaintiff that he would be permitted to participate in the law school graduation commencement on May 20, 2013 despite the pending disciplinary matter. Compl. at ¶22.  On May 19, 2013, Plaintiff allegedly responded

---

[1] For purposes of this Motion only, the allegations in the Complaint are accepted as true.  *See Watterson v. Page*, 978 F.2d 1, 3 (1st Cir. 1993).

[2] Though not specifically detailed in the Complaint, the student misconduct and subsequent criminal complaint relating to Plaintiff and another student's laptop related to an incident wherein Plaintiff was alleged to have stolen another student's laptop.

to the Dean by email, indicating that he did not realize that SULS was intending to withhold the award of his diploma. *Id.* at 23.  Plaintiff also allegedly explained to the Dean that he had a reasonable expectation to receive his diploma because he had completed the degree requirements, paid tuition, and had not been put on administrative leave pursuant to SULS' Student Disciplinary Procedures. *Id*.  On May 18, 2013, Plaintiff elected to defer formal disciplinary proceedings relating to his student misconduct complaint pending the resolution of the criminal matter filed by the SUPD[3], pursuant to SULS Student Disciplinary Procedures. *Id*. at ¶24.  At the time of graduation, Plaintiff had allegedly satisfied all degree requirements in effect on or about May 20, 2013. *Id*. at ¶45.  Plaintiff alleges that after SULS initiated the disciplinary matter, Plaintiff was able to continue his education in the SULS Juris Doctorate program to the alleged "successful completion of the published degree requirements" and was further allowed to participate in the graduation commencement where he was "announced and published along with the other graduates." *Id*. at 68.  On or about May 20, 2013, Plaintiff participated in the SULS graduation commencement and was listed in the commencement brochure as a graduate of the juris doctorate program. *Id*. at 74.  Plaintiff has not been enrolled as a student at SULS since May 2013. *Id*. at ¶¶43-44.

On July 2, 2013, SULS informed Plaintiff that SULS would not be awarding him with his degree while the disciplinary matter was pending, despite allegedly acknowledging that he had completed the "academic requirements for a degree". Compl. at ¶29.  In 2014, the criminal complaint filed by the SUPD in March of 2013 and subsequent criminal prosecution resulted in Plaintiff being convicted. *Id*. 31.  "After a string of related events," Plaintiff was subsequently

---

[3] Upon information and belief, Plaintiff's reference to the SULS Police Department is meant to refer to the SUPD that Plaintiff refers to throughout the Complaint as having filed a criminal Complaint against Plaintiff.

incarcerated for nearly a year[4], he was subjected to years of probation, and he had his professional licenses revoked. *Id*. On February 3, 2017, SULS sent Plaintiff a letter concerning his student disciplinary matter stating that he was "hereby dismissed from Suffolk University Law School" effective February 2, 2017. *Id*. at ¶32.

On April 5, 2021, Plaintiff emailed a completed petition for readmission to the SULS Admission Office in accordance with instructions provided by SULS. *Id*. at ¶35.  On October 27, 2021, SULS issued Plaintiff a letter denying his Petition for Readmission.  On June 29, 2024, Plaintiff emailed the dean of SULS, inquiring if there were circumstances in which SULS might be willing to reconsider his petition for readmission and re-evaluate it prior to the five year minimum waiting period set forth under SULS policies, but did not receive a response.  *Id*. at ¶41.  On September 11, 2024, Plaintiff followed up on his June 29, 2024 inquiry relating to reconsideration of his petition for readmission. *Id*. at 42.  On September 12, 2024, the dean of SULS informed Plaintiff that SULS "is not able to consider a new petition until the five year period lapses." *Id*.

On October 26, 2024, Plaintiff filed the instant Complaint in New Hampshire Superior Court for Strafford County. On December 4, 2024, Suffolk removed the instant complaint to this court based on diversity of the parties.

III.    **Argument**

A.  **Standard of Review**

Pursuant to Fed. R. Civ. P. 12(b)(2) a complaint must be dismissed if the court lacks personal jurisdiction, that is, where the court lacks the statutory or constitutional power to adjudicate the case.  "To hear a case, a court must have personal jurisdiction over the parties, that

---

[4] The "string of related events" resulting in Plaintiff's subsequent incarceration stemmed from his forging and tampering with a verdict slip related to his 2014 conviction for stealing another student's laptop, by changing it to reflect a verdict of not guilty.

is, the power to require the parties to obey its decrees." *Astro–Med, Inc. v. Nihon Kohden Am.*,

Inc., 591 F.3d 1, 8 (1st Cir.2009).  When confronted with a motion to dismiss under Fed. R. Civ.

P. 12(b)(2), the plaintiff bears the burden of establishing facts sufficient to show that the court

may exercise personal jurisdiction over the defendant.  *PC Connection, Inc. v. Crabtree*, 754 F.

Supp. 2d 317, 324 (D.N.H. 2010).  In order to meet this burden, Plaintiff must "demonstrate the

existence of every fact required to satisfy both the forum's long-arm statute and the Due Process

Clause of the Constitution."  *Negron-Torres v. Verizon Communications, Inc.,* 478 F.2d 19, 24

(1st Cir. 2007).  The court views these jurisdictional facts in the light most favorable to the

plaintiff.  *ICP Solar Techs., Inc. v. TAB Consulting, Inc.*, 413 F.Supp.2d 12, 14 (D.N.H.2006).

Plaintiff is obliged to rely on specific facts set forth in the record to defeat defendant's motion to

dismiss based on an alleged lack of personal jurisdiction. *Id.*  However, the court does not have

to "credit conclusory accusations or draw farfetched inferences."  *Mass. Sch. of Law at Andover,*

*Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir.1998), (internal quotations omitted).

### B.  This Court Lacks Personal Jurisdiction Over Suffolk

Plaintiff has improperly brought these claims in New Hampshire, when each of the

alleged causes of action arise out of or relate to actions taken by Suffolk in Massachusetts.  The

factual basis of this case has no connection whatsoever to the State of New Hampshire; the only

connection to New Hampshire is that the Plaintiff happens to live in New Hampshire and that

Suffolk is a registered foreign corporation in New Hampshire. Compl. ¶¶6-7.  There are two

forms of personal jurisdiction: general jurisdiction, where a defendant maintains "continuous and

systematic" contacts with the forum state, and specific jurisdiction, where, in the absence of

"continuous and systematic" contacts, "the plaintiff's cause of action relates sufficiently to, or

arises from, a significant subset of contacts between the defendant and the forum." *See PC*

*Connection, Inc.*, 754 F. Supp. 2d at 326.  Plaintiff fails to assert any facts sufficient to establish either form of personal jurisdiction over Suffolk in New Hampshire.

Plaintiff has the burden of proving facts to support this Court's exertion of personal jurisdiction over Suffolk University.  *See id*. at 324.  To exercise jurisdiction over Suffolk, an out-of-state defendant, Plaintiff must show (1) that Suffolk's alleged conduct falls within one of the provisions of the New Hampshire long-arm statutes, RSA 510:4, I (2010) (New Hampshire's individual long-arm statute) and RSA 293-A:15.10 (New Hampshire's corporate long-arm statute) (collectively "the long-arm statutes"), and (2) that the exercise of jurisdiction over Suffolk under state law is consistent with basic due process requirements of the Fourteenth Amendment's Due Process Clause.  *See GT Solar Inc. v. Goi, Civ*. No. 08–cv–249–JL, 2009 WL 3417587, at *6 (D.N.H.2009).  New Hampshire's long arm statutes are co-extensive with the outer limits of due process protection under the federal constitution.  *Dagesse v. Law Firm of Esperti*, No. CIV.A. 03-380-M, 2003 WL 22871700, at *2 (D.N.H. Dec. 4, 2003).  Therefore, the court need only determine whether the exercise of personal jurisdiction over a foreign defendant, such as Suffolk, would comport with the basic due process requirements of the Fourteenth Amendment. *See id*.  This, as detailed herein, Plaintiff does not and cannot do.  Accordingly, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over Suffolk.

### C.  Plaintiff's Complaint Alleges Insufficient Facts to Support an Exercise of Specific Personal Jurisdiction Over Suffolk

"Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir.2001) (internal quotation marks and citations omitted).  Specific jurisdiction "may only be relied upon where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *Cossaboon v. Me. Med. Ctr.*, 600 F.3d 25, 31 (1st

Cir.2010).

In determining whether the exercise of specific personal jurisdiction over a defendant comports with due process, the court must examine three factors: (1) relatedness; (2) purposeful availment; and (3) reasonableness. *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 27 (1st Cir.2008). More specifically, "[f]irst, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir.2007) (quoting *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A*., 290 F.3d 42, 60 (1st Cir.2002). Plaintiff must demonstrate that each of these three factors is satisfied. *Philips*, 530 F.3d at 27.

Plaintiff's allegations fail to satisfy any of the three factors and therefore Plaintiff cannot establish specific personal jurisdiction over Suffolk.

i. **Plaintiff's Claims Do not Relate to or Arise out of Suffolk's Contacts in New Hampshire**

At the outset, to sustain his burden of proof as to the first element of the pertinent three-part test, Plaintiff must demonstrate that his claims directly relate to, or arise from, Suffolk's contacts with New Hampshire. *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995). To determine whether a plaintiff's contract claim meets the relatedness prong, Plaintiff must demonstrate that Suffolk's forum-based activities (i.e. its activities in New Hampshire) were "instrumental in the formation of the contract." *Mass. Sch. of Law*, 142 F.3d at 35 (quoting *Hahn v. Vermont Law Sch.*, 698 F.2d 48, 51 (1st Cir.1983). As it relates to any tort claims brought by Plaintiff against Suffolk, Plaintiff's allegations must establish that 'the injury would not have

occurred but for the defendant's forum activity' (cause in fact) and that 'the defendant's in-state conduct gave birth to the cause of action' (proximate cause). *Sarah's Hat Boxes, L.L.C. v. Patch Me Up, L.L.C.*, 12–cv–399–PB, 2013 WL 1563557, at \*5 (D.N.H. Apr. 12, 2013) (quoting *Mass. Sch. of Law*, 142 F.3d at 35). "There must be more than just an attenuated connection between the contacts and the claim; the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case." *Philips*, 530 F. 3d at 27. "[The relatedness] requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the specific contact between the defendant and the forum state." *Sawtelle*, 70 F.3d at 1389

The central tenet of Plaintiff's claims against Suffolk are that Suffolk breached its express and implied contract with Plaintiff when it did not award him with his Juris Doctorate degree in May of 2013 upon his alleged successful completion of the "degree requirements" set forth in SULS's student handbook. Plaintiff further alleges that Suffolk was unjustly enriched by Plaintiff by way of tuition payments it received on his behalf during his enrollment at SULS when it did not award him with a degree in May of 2013. Plaintiff also alleges that Suffolk breached its contract with Plaintiff by unreasonably denying his petition for readmission to SULS in October of 2021. All of Plaintiff's claims relate to his previous enrollment at Suffolk in Massachusetts, contracts entered into in Massachusetts, and certain decisions made in by Suffolk in Massachusetts related to his previous enrollment and dismissal from SULS and the decision not to award him a degree from SULS. Suffolk's alleged breach, as set forth by Plaintiff in the Complaint, indisputably took place in Massachusetts, when Suffolk refused to award him his degree in 2013 and further denied his petition for readmission to SULS in October of 2021. Plaintiff does not assert any factual allegations to the contrary.

Other than Plaintiff's decision to move to New Hampshire between the date he stopped attending classes at SULS and the date in which he sought readmission to SULS, Plaintiff has not alleged a single fact suggesting that Suffolk's activities in New Hampshire were "instrumental" or related in any way to the purported contract formed between Suffolk and Plaintiff. Plaintiff's decision to move to New Hampshire, without more, cannot form the basis for establishing personal jurisdiction over Suffolk. *See PC Connection, Inc.*, 754 F. Supp. 2d at 326 (citing *GT Solar*, 2009 WL 3417587, at *7).

Furthermore, to the extent Plaintiff claims that Suffolk's communications and responses to Plaintiff while living in New Hampshire informing him of its decision not to grant his petition for readmission is a basis for jurisdiction, this argument has not merit and is likewise insufficient to establish the relatedness prong. *Dagesse*, No. CIV.A. 03-380-M, 2003 WL 22871700, at *4 (concluding that Florida law firm's mail and telecommunications with New Hampshire clients in a legal malpractice claim brought by their plaintiff-clients were insufficient to establish relatedness prong where the alleged failure to provide the services promised to the plaintiff's occurred in Florida, where the law firm allegedly failed to adequately represent their interests)

Plaintiff has not alleged any contacts with New Hampshire whatsoever, much less contacts which form an "important" or "material" element of proof of any one of Plaintiff's claims against Suffolk for refusing to award him his degree following his alleged completion of SULS's degree requirements in 2013. Simply put, Suffolk's contacts with New Hampshire are not merely attenuated, but rather completely unconnected to any one of Plaintiff's six causes of action.

Because Plaintiff has not and cannot establish that any of his claims are sufficiently related to Suffolk's contacts with New Hampshire, this court cannot properly exercise specific

personal jurisdiction over Suffolk and as a result the Complaint should be dismissed.

ii. **Plaintiff Has Not Alleged That Suffolk Purposely Availed Itself of New Hampshire's State Laws Such That its Involuntary Presence in This Court Was Foreseeable**

With respect to the second factor (purposeful availment), even where there is some contract or agreement in place between Suffolk and an individual from New Hampshire, which there is not, the due process analysis requires the existence of something more. *See Phillips Exeter Academy v. Howard Phillips Fund, Inc*., 196 F.3d 284, 290 (1st Cir.1999) ("[t]he mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish jurisdiction in the plaintiff's home state.") In determining whether Plaintiff has satisfied this purposeful availment element, the court must focus on whether Plaintiff has shown that Suffolk "engaged in any purposeful activity related to the forum that would make the exercise of jurisdiction fair, just, or reasonable." *See id*. (quoting *Sawtelle*, 70 F.3d at 1391) (citation omitted).  The function of the purposeful availment requirement is to assure that personal jurisdiction is not premised solely upon a defendant's "random, isolated, or fortuitous" contacts with the forum state. *Sawtelle*, 70 F.3d at 1391 (finding no purposeful availment in legal malpractice claim where defendant law firm's only contact with New Hampshire was through its attorney-client relationship with New Hampshire residents and communications with those clients).  The cornerstones upon which the concept of purposeful availment rest are voluntariness and foreseeability. *Id*.  To be considered "purposeful availment," contact with the forum state must be voluntary and must create a foreseeable possibility that the defendant could be called to answer in a court of the forum state. *See PC Connection, Inc.*, 754 F. Supp. 2d at 330.  "Voluntariness requires that the defendant's contacts with the forum state proximately result from actions by the defendant *himself*.  The contacts must be deliberate, and

not based on the unilateral actions of another party.  Foreseeability requires that the contacts also must be of a nature that the defendant could reasonably anticipate being hailed into court there." *Philips*, 530 F. 3d at 28.

Plaintiff has failed entirely to set forth any allegations suggesting that Suffolk has engaged in any purposeful or voluntary activity in New Hampshire. Suffolk's only contacts with New Hampshire in this case are due entirely to the random and fortuitous decision by Plaintiff to move to New Hampshire after attending school at SULS.  There are likewise insufficient allegations suggesting that it was foreseeable that Suffolk would be hailed into a New Hampshire court as a result of their refusal to award Plaintiff with his degree or to grant his petition for readmission to SULS – which again was related entirely to acts and decisions based in Massachusetts – not New Hampshire.  As a result, Plaintiff has failed to set forth sufficient facts to meet the purposeful availment element necessary to establish specific personal jurisdiction over Suffolk.

### iii.  It is Not Fair or Reasonable to Require Suffolk to Appear in a New Hampshire Court

It is a requirement of the Federal Due Process Clause analysis to find that the Plaintiff alleged sufficient facts to satisfy all three of the relevant factors. *Philips*, 530 F.3d at 27.  [T]he weaker the plaintiff's showings on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction.  The reverse is equally true: an especially strong showing of reasonableness may serve to fortify a borderline showing of relatedness and purposefulness. *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir.1994).  Notably, failure to demonstrate the necessary minimum contacts eliminates the need to reach the issue of reasonableness. *See Sawtelle*, 70 F.3d at 1394.  Plaintiff's failure to allege sufficient facts to satisfy the first factor in the Federal Due Process Clause analysis for

-11-

minimum contacts alone requires that Plaintiff's Complaint be dismissed for lack of personal jurisdiction. *Id.* There is, moreover, simply nothing in Plaintiff's Complaint that would support jurisdiction under either of the other two factors either.

Regardless of Plaintiff's failure to satisfy the first two necessary elements, there is simply no basis from which to conclude that it would be fair or reasonable to require Suffolk, a Massachusetts university with a principal place of business in Massachusetts, to appear in a New Hampshire court to defend claims arising entirely out of Suffolk's alleged actions in Massachusetts. Namely, its purported breach of a contract created by SULS Student Handbook, entered into with Plaintiff in Massachusetts and Suffolk's subsequent decision not to award Plaintiff any resulting earned degrees for his alleged completion of SULS's juris doctorate program in Massachusetts.

Where Plaintiff has failed entirely to plead sufficient facts to establish any one, much less all three, of the necessary elements to exercise specific personal jurisdiction over Suffolk, the Complaint must be dismissed for lack of personal jurisdiction.

### D. Plaintiff Does Not Allege Sufficient Facts to Support an Exercise of General Personal Jurisdiction Over Suffolk

Lacking any connection between any New Hampshire contacts and the claims at issue, in order to sustain this Court's jurisdiction over the foreign defendants, Plaintiff must establish that Suffolk are subject to the general personal jurisdiction of this Court.

The standard for establishing general jurisdiction consistent with the Due Process Clause is "considerably more stringent" than the "minimum contacts" required for specific jurisdiction. *Cossaboon*, 600 F. 3d at 32. "To permit the exercise of general jurisdiction, the defendant must engage in the continuous and systematic pursuit of general business activities in the forum state." *Id*. The United States Supreme Court established a high barrier to finding continuous and

systematic contacts with the forum State sufficient to exercise general jurisdiction over a non-resident defendant. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  In *Goodyear*, the Court stated that a court may assert general jurisdiction over foreign (sister-state or (foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. 564 U.S. at 919.  In other words, in order to assert general jurisdiction over a defendant, the defendant must have a physical presence or be engaging in activities so extensive that they essentially equate to a physical presence in the forum state. *See id*.  "With respect to a corporation, the place of incorporation and principal place of business are paradigm ... bases for general jurisdiction." *Bulwer v. Massachusetts Coll. of Pharmacy & Health Scis*., No. 1:13-CV-521-LM, 2014 WL 3818689, at *5 (D.N.H. Aug. 4, 2014) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014). "By contrast, those who live or operate primarily outside [the forum] have a due process right not to be subjected to judgment in its court as a general matter." *Id*. (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011).  Suffolk is not incorporated in New Hampshire, its principal place of business is located in Boston, Massachusetts, and Suffolk is not alleged to have nor do they have a physical presence or satellite campus in New Hampshire. *See id*., at *6 (finding no general jurisdiction over a Massachusetts college in New Hampshire where the college maintained a satellite campus in New Hampshire, offered courses at its campus in New Hampshire, and had six percent of its student body taking courses at its campus in New Hampshire).  Where Suffolk's only alleged presence and affiliation in New Hampshire is significantly more attenuated than that of the educational institution in *Bulwer* and is essentially limited to its registration as a foreign corporation and establishment of a service of process agent in New Hampshire, there can be no

finding of general jurisdiction over Suffolk in New Hampshire. *Id*. at *5 (citing to Supreme Court's decision in *Daimler AG* for proposition that only in an "exceptional case" may a corporation be deemed at home and subject to general jurisdiction in a state other than where it is incorporated or has its principal place of business).

## IV.    <u>Conclusion</u>

For the reasons set forth above, Suffolk respectfully requests that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction over Suffolk.

Respectfully submitted,

SUFFOLK UNIVERSITY,

By its Attorneys,

 */s/Gregory Manousos*
Gregory A. Manousos (NH Bar No.278303)
MORGAN, BROWN & JOY, LLP
200 State Street, Suite 11A
Boston, MA  02109
T: (617) 523-6666
F: (617) 367-3125
gmanousos@morganbrown.com

Dated:  December 20, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2024, that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

*/s/Gregory Manousos*
Gregory A. Manousos